[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14267
Non-Argument Calendar

_____

D. C. Docket No. 06-01085-CV-TWT-1

KYLE RICHARD BISHOP, III,

                                                        Petitioner-Appellant,

versus

FRED BURNETT,
Warden,
THURBERT BAKER,

                                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 17, 2009)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Kyle Richard Bishop, a Georgia prisoner proceeding pro se, appeals the district court's denial of his motion to expand the record relating to his federal habeas petition, filed pursuant to 28 U.S.C. § 2254. After review, we affirm.

Bishop is serving a 40-year sentence for child molestation, aggravated child molestation and aggravated sexual battery. On May 4, 2006, Bishop filed a § 2254 petition, which the district court denied on January 30, 2007. Over a year later, Bishop filed a motion to expand the record to include an affidavit from his victim averring that she perjured her trial testimony and that Bishop is actually innocent. The district court denied the motion, concluding that Bishop had never raised an actual innocence claim in the state courts and, therefore, such a claim was unexhausted. The district court's order stated that "Petitioner's Motion to Expand the Record is . . . DENIED." But the district court granted a certificate of appealability ("COA") on the issue of "whether [Bishop] can amend his petition to assert a claim of actual innocence before exhausting state remedies as to that claim."

On appeal, the parties address the issue identified in the COA and also the propriety of denying Bishop's motion to expand the record. We first note that Bishop never moved to amend his § 2254 petition and the district court never construed Bishop's motion to expand the record as a motion to amend the petition.

Further, the district court's COA did not encompass the denial of the motion to expand the record. Accordingly, we sua sponte expand the COA to include the issue of whether the district court erred in denying Bishop's motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases. See Hodges v. Att'y Gen., Fla., 506 F.3d 1337, 1341-42 (11th Cir. 2007), cert. denied, 129 S. Ct. 122 (2008) (recognizing that this Court in unusual cases has the discretion to expand the COA to include related issues).[1] Finally, whether viewed as a motion for leave to amend his § 2254 petition or as a motion to expand the record, the district court did not abuse its discretion in denying Bishop's motion because Bishop filed his motion well over a year after the district court had already denied his § 2254 petition and dismissed his case.[2]

**AFFIRMED.**

---

[1]However, to the extent Bishop raises arguments related to the merits of his § 2254 petition, we decline to address them as outside the scope of the COA.

[2]We review the denial of a habeas petitioner's motion for leave to amend his petition for an abuse of discretion. Moore v. Balkcom, 716 F.2d 1511, 1526-27 (11th Cir. 1983). Likewise, a district court's denial of a Rule 7 motion to expand the record is reviewed for abuse of discretion. Beuke v. Houk, 537 F.3d 618, 653 (6th Cir. 2008); Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007).